UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>NAVINDER SINGH SARAO | No. 15 CR 75<br><br>Judge Virginia M. Kendall |

**CONSENT ORDER OF FORFEITURE**

WHEREAS, a written plea agreement was filed with this Court and signed by Defendant NAVINDER SINGH SARAO ("SARAO"), and his attorney, ROGER A. BURGLINGAME, of Kobre & Kim LLP, in which Defendant SARAO agreed to plead guilty to Count 1 of the Indictment, which charges Defendant with wire fraud, in violation of Title 18, United States Code, Section 1343, and Count 22 of the Indictment, which charges Defendant with spoofing, in violation of Title 7, United States Code, Sections 6c(a)(5)(C) and 13(a)(2).

WHEREAS, the Indictment also alleged the forfeiture of certain property, that is, judgment in favor of the United States of America for a sum of money representing the value of the proceeds that SARAO obtained from the wire fraud alleged in Count 1, in violation of Title 18, United States Code, Section 1343, which is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

WHEREAS, in his plea agreement, SARAO expressly agreed and consented to the entry of an order of forfeiture in the form of a money judgment in the amount of $12,871,587.26 (USD) under Federal Rule of Criminal Procedure 32.2(b)(2), which

concerns property subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as property, real or personal, which constitutes or is derived from the proceeds that SARAO obtained from the wire fraud alleged in Count 1, in violation of Title 18, United States Code, Section 1343, or any property traceable to such property.

WHEREAS, in his plea agreement, SARAO also expressly agreed and consented to the forfeiture of all right, title, and interest in all funds and monies contained in the bank account in the name of Kobre & Kim LLP IOLA Account, at HSBC Bank USA, with account number ending in 0009; and to the forfeiture of any and all membership, right, title, interest, or "seat" on the Chicago Mercantile Exchange held by NAVINDER SINGH SARAO or any entity over which the defendant exercises any degree of control, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as property, real or personal, which constitutes or is derived from the proceeds that SARAO obtained from the wire fraud alleged in Count 1, in violation of Title 18, United States Code, Section 1343, or property traceable to such property, and/or as substitute assets under Title 21, United States Code, Section 853(p).

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(2), this Court finds, based on the evidence (including the Factual Basis) set forth during SARAO's guilty plea hearing, that entry of a Consent Order of Forfeiture for the above property is appropriate insofar as these are properties subject to forfeiture pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and that the Government has established the requisite nexus and connection between that property and a violation of Title 18, United States Code, Section 1343.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c):

   a. **Money Judgment** – Judgment in favor of the United States of America for the sum of $12,871,587.26 (USD), which constitutes or is derived from the value of the property, real or personal, that SARAO obtained from the wire fraud alleged in Count 1, in violation of Title 18, United States Code, Section 1343, or property traceable to such property.

   b. **Personal Property** – All funds and monies contained in or previously seized from the bank account listed above that are forfeited to the United States, to the extent of Sarao's right, title, and interest in such, up to the value of $12,871,587.26 (USD), to be credited against the above money judgment.

   c. **Substitute Assets** – Any and all membership, right, title, interest, or "seat" on the Chicago Mercantile Exchange held by NAVINDER SINGH SARAO or any entity over which the defendant exercises any degree of control.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to SARAO at the time of sentencing and shall be made part of the sentence and included in the judgment.

3. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

November 9, 2016

_____
JUDGE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE