UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NAVINDER SINGH SARAO | No. 15 CR 75<br>Judge Virginia M. Kendall |

**GOVERNMENT'S UNOPPOSED MOTION TO**
**AUTHORIZE ALTERNATIVE VICTIM NOTIFICATION PROCEDURES**

The United States, through undersigned counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on a Department of Justice website—because the large number of possible crime victims in this case makes it impracticable to notify them on an individualized basis. The defendant does not oppose the Government's motion. In support of its motion, the Government states the following:

1. The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e). In cases involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [18 U.S.C. § 3771](a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

2. The Government respectfully submits that this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because of the number of possible crime victims. As this Court is aware, on November 9, 2016, the defendant, Navinder Singh Sarao, pleaded guilty to two counts of a twenty-two count criminal indictment—namely, one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of spoofing, in violation of 7 U.S.C. §§ 6c(a)(5)(C) and 13(a)(2). *See* Plea Agreement ¶¶ 2, 5 (ECF No. 62, Nov. 9, 2016). From at least approximately January 1, 2009, though at least approximately April 30, 2014 (the "Scheme" or "Relevant Period"), the defendant was a futures trader who traded from proprietary trading companies in London and from his residence in the Hounslow borough of West London, England. During and in furtherance of the Scheme, and in order to make money, the defendant placed thousands of orders to buy or to sell E-Mini S&P 500 futures contracts traded on the Chicago Mercantile Exchange that he intended, at the time he placed the orders, to cancel before execution (the "Spoof Orders"). *See* Plea Agreement, ¶ 7, pg. 4. The defendant's sentencing in this case is currently set for September 26, 2019.

3. The Government believes that the Spoof Orders placed by the defendant may have affected thousands of counterparties and other market participants—all possible crime victims—that traded E-Mini S&P 500 futures contracts while the Spoof Orders were pending in the market. Given the number of possible crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the Government to, among other things, identify and

provide individualized notice to each possible crime victim pursuant to 18 U.S.C. § 3771(a).

4. As an alternative procedure to notify possible crime victims in this case, the Government proposes that it maintain a public Department of Justice website at https://www.justice.gov/criminal-vns/case/Navinder-Sarao. The website would provide a summary of the case, information regarding the case's status and sentencing date, and other significant case-related documents, such as the charging documents and plea agreement. The website also would contain an e-mail address and telephone number for a Victim Assistance Line through which individual possible crime victims could contact the Department of Justice regarding the case.

5. Based on similar motions, courts in this District and in other districts have authorized the use of a website by the Government to notify crime victims under the CVRA in other complex fraud cases that involved numerous possible victims, including several cases with possible victims of spoofing. *See United States v. Zhao*, 1:18-cr-24, ECF No. 53 (N.D. Ill. Jan. 23, 2019) (permitting notification of possible victims of spoofing through publication on a Department of Justice website as an alternative means of individualized notice); *United States v. Mohan*, 4:18-cr-610, ECF No. 29 (S.D. Tex. Dec. 14, 2018) (same); *United States v. Gandhi*, 4:18-cr-609, ECF No. 33 (S.D. Tex. Dec. 4, 2018) (same); *United States v. Edmonds*, No. 18-cr-239 (RNC), ECF No. 16 (D. Conn. Nov. 19, 2018) (same); *United States v. Bases*, No. 18 CR 48, ECF No. 95 (N.D. Ill. Aug. 13, 2018) (same); *United States v. Thakkar*, No. 18

CR 36, ECF No. 37 (N.D. Ill. June 7, 2018) (same); *United States v. Flotron*, No. 17-cr-220 (JAM), ECF No. 32 (D. Conn. Nov. 2, 2017) (same).

6. WHEREFORE, the Government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to maintain a website as a reasonable alternative procedure for notifying crime victims in this case.

DATE: June 12, 2019

>Respectfully submitted,
>
>ROBERT A. ZINK
>Acting Chief, Fraud Section
>Criminal Division
>
>By: */s/ Michael T. O'Neill*
>Michael T. O'Neill
>Trial Attorney
>U.S. Department of Justice
>1400 New York Avenue, NW
>Washington, D.C. 20005
>(202) 616-1545
>Michael.t.oneill@usdoj.gov

-4-

**CERTIFICATE OF SERVICE**

I, Michael T. O'Neill, hereby certify that on June 12, 2019, I caused the foregoing Government's Unopposed Motion to Authorize Alternative Victim Notifications Procedures to be electronically filed with the Clerk of Court by using the Court's electronic CM/ECF filing system, which will automatically send a notice of electronic filing to all parties.

*/s/ Michael T. O'Neill*
Michael T. O'Neill
Trial Attorney
U.S. Department of Justice
